UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CV1359NCC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Christopher Watts (Plaintiff) for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 et seq., and for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Plaintiff has filed a brief in support of the Complaint (Doc. 15), Defendant has filed a brief in support of the Answer (Doc. 16), Plaintiff has filed a Reply brief (Doc. 17), and Defendant has filed a sur-reply (Doc. 20). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 10).

**I.
PROCEDURAL HISTORY**

On September 30, 2012, Plaintiff filed his applications for DIB and SSI. (Tr. 73-74, 117-31). Plaintiff's applications were denied, and he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 57-74, 83-84). After a hearing, by decision dated July 22, 2014, the ALJ found Plaintiff not disabled. (Tr. 13-23). On July 14, 2015, the Appeals Council denied

Plaintiff's request for review. (Tr. 1-4). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II.
## LEGAL STANDARDS

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." Id. "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001) (citing Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d); pt. 404, subpt. P, app. 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. See id.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity (RFC). See Steed v. Astrue, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."); Eichelberger, 390 F.3d at 590-91; Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. See Steed, 524 F.3d at 874 n.3; Young, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Id. See also Harris v. Barnhart, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); Charles v. Barnhart, 375 F.3d 777, 782 n.5 (8th Cir. 2004) ("[T]he burden of production shifts to the Commissioner at step five to submit evidence of other work in the national economy that [the claimant] could perform, given her RFC."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. See Clark v. Heckler, 733 F.2d 65, 68 (8th Cir. 1984).

"Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). See also Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). In Bland v. Bowen, 861 F.2d 533, 535 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> The concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.

See also Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision.") (quoting Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996)); Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) ("[R]eview of the Commissioner's final decision is deferential.").

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. See Cox, 495 F.3d at 617; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. See Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). See also Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992) (holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence"). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. See Krogmeier, 294 F.3d at 1022. See also Eichelberger, 390 F.3d at 589;

4

Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (quoting Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998)); Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001).

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

Brand v. Sec'y of Dep't of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980); Cruse v. Bowen, 867 F.2d 1183, 1184-85 (8th Cir. 1989).

## III.
## DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. See Onstead, 962 F.2d at 804. Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court must affirm her decision as long as there is substantial evidence in favor of the Commissioner's position. See Cox, 495 F.3d at 617; Krogmeier, 294 F.3d at 1022.

In her decision, the ALJ found that Plaintiff met the insured status requirements through December 31, 2016; that he had not engaged in substantial gainful activity since June 14, 2012, his amended alleged onset date; that he had the severe impairments of hypertension, depression,

5

and anxiety; that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment; that Plaintiff had the RFC to perform medium work except for the need to avoid climbing ropes, ladders, and scaffolding, the need to avoid hazards of heights, and the need to be limited to understanding, remembering, and carrying out "at least simple instructions and non-detailed tasks"; that Plaintiff was capable of performing his past relevant work as a packager; that Plaintiff was capable of performing other jobs, such as linen room attendant and dishwasher kitchen helper, which exist in significant numbers in the State and national economies; and that, therefore, Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the ALJ's decision is not based on substantial evidence because the ALJ failed to "explain or make a specific finding regarding which of concentration, persistence, or pace was moderately limited" and because the ALJ "fail[ed] to incorporate such a limit into the [RFC] finding." Plaintiff also asserts that the ALJ failed to "articulate consideration of, or to weigh the opinion of the [S]tate-agency medical consultant." (Doc. 15 at 7-12). Because the ALJ erred in failing to properly consider the opinion of the State agency medical consultant, the Court will limit its opinion to addressing this issue.

The Regulations define RFC as "what [the claimant] can do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." Lauer v. Apfel, 245 F.3d 700, 703 (8th Cir. 2001). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own

6

description of his limitations.'" Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (quoting McKinney, 228 F.3d at 863). See also Myers v. Colvin, 721 F.3d 521, 526 (8th Cir. 2013).

To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still do despite his or her impairments. Although assessing a claimant's RFC is primarily the responsibility of the ALJ, a "'claimant's residual functional capacity is a medical question.'" Lauer, 245 F.3d at 704 (quoting Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000)). The Eighth Circuit clarified, in Lauer, 245 F.3d at 704, that "'[s]ome medical evidence,' Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam), must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace,' Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000)." Thus, an ALJ is "required to consider at least some supporting evidence from a professional." Id. See also Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) ("The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC."); Eichelberger, 390 F.3d at 591.

Further, in making a disability determination, the ALJ shall "always consider the medical opinions in [the] case record together with the rest of the relevant evidence" in the record. 20 C.F.R. § 404.1527(b). See Heino v. Astrue, 578 F.3d 873, 879 (8th Cir. 2009). When evaluating opinion evidence, an ALJ must explain in her decision the weight given to any opinions from treating sources, nontreating sources and nonexamining sources. See 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii). By explaining the weight given to such medical source opinions, an ALJ both complies with the Regulations and assists the Court in its review of the

7

decision. See Willcockson v. Astrue, 540 F.3d 878, 880 (8th Cir. 2008). Further, Social Security Ruling 96–6p dictates that "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the [ALJ] ... level[ ] of administrative review." SSR 96–6p, 1996 WL 362203, at *34467 (Soc. Sec. Admin. July 2, 1996). Accordingly, "the [ALJ] ... must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians or psychologists." Id. at *34468. "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant[.]" 20 C.F.R. §§ 404.1527(e)(2)(ii); 416.927(e)(2)(ii). In circumstances where a medical source opinion may affect the outcome of a case, substantial evidence does not support an ALJ's adverse decision if it cannot be determined what, if any, weight the ALJ afforded the opinion. McCadney v. Astrue, 519 F.3d 764, 767 (8th Cir. 2008); see also Woods v. Astrue, 780 F. Supp. 2d 904, 913-14 (E.D. Mo. 2011).

The Court finds that the ALJ's RFC determination is not supported by substantial evidence. The ALJ did not provide a rational for her RFC finding nor did she cite any medical opinions supporting it. The ALJ made the following determination regarding Plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work . . . except for the need to avoid climbing ropes, ladders, and scaffolding; need to avoid hazards of heights; and, limited to understanding, remembering and carrying out at least simple instructions and non-detailed tasks.

(Tr. 18). In doing so, the ALJ indicates that the RFC is "based on the objective findings contained in Dr. Byrne's records," which she details, to a limited extent, in her analysis of

8

Plaintiff's impairments at Step 2. However, the ALJ's review of Dr. Robert Byrne's ("Dr. Byrne") treatment notes does not provide any indication of their support of her determination that Plaintiff suffered from the severe impairments of depression and anxiety. In fact, the ALJ notes that Plaintiff's "medical conditions are borderline non-severe" but then provides functional limitations regarding comprehension and memory that appear to be related to Plaintiff's mental impairments (Tr. 20). The Court also notes that despite the ALJ's findings both that Plaintiff's depression and anxiety are severe impairments and then perhaps providing limitations in Plaintiff's RFC as a result of these impairments, there is no indication in the record that Plaintiff was ever examined by a psychologist or psychiatrist. See Porter v. Astrue, No. 4:10CV 537 LMB, 2011 WL 4007901, at *13 (E.D. Mo. Sept. 8, 2011) (finding the ALJ's RFC was not supported by substantial evidence, in part, because the ALJ determined plaintiff to have a severe mental impairment but plaintiff was not examined by a psychologist or psychiatrist since his alleged onset date). While it is true that a "disability claimant has the burden to establish her RFC," the ALJ has an independent duty to develop the record despite claimant's burden. Eichelberger, 390 F.3d at 591 (citing Masterson, 363 F.3d at 737); Stormo, 377 F.3d at 806.

Regarding the medical opinion evidence, the ALJ concludes in her determination:

As for the opinion evidence, no doctor has stated that the claimant is disabled or that he cannot work. A record, which contains no physician opinion of disability, detracts from the claimant's subjective complaints. There is no medical source statement from the claimant's treating physician. The undersigned can only draw a negative inference from the absence of a functional limitation assessment from Dr. Byrne.

(Tr. 21). However, as is the case here, when the ALJ does not give the treating physician's opinion controlling weight, she is required to explain in the decision the weight given to the opinion of a State agency medical or psychological consultant. SSR 96–6p, 1996 WL 362203, at *34468. While Plaintiff's sole physician of record, Dr. Byrne, did not complete a medical

9

opinion questionnaire, the record before the ALJ included the opinion of a State agency medical consultant, Anna Kresheck, Ph.D. ("Dr. Krescheck"), and the ALJ does not provide any indication of the weight she afforded the opinion of Dr. Kresheck nor does she mention Dr. Kresheck in her decision. (Tr. 57-74). Dr. Kresheck reviewed Plaintiff's medical records on January 15, 2013, and issued a Mental Residual Functional Capacity Assessment. In her assessment, Dr. Kresheck found Plaintiff to have understanding and memory limitations; to be moderately limited in his ability to carry out detailed instructions; to be moderately limited in the ability to maintain attention and concentration for extended periods; and to not be significantly limited in other sustained concentration and persistence areas. (Tr. 61-62). Dr. Kresheck describes functional limitations more restrictive than those determined by the ALJ; the ALJ's RFC determination fails to account for Plaintiff's moderate limitation in the ability to maintain attention and concentration for extended periods. Furthermore, the Commissioner offers no justification for the ALJ's failure to address to Dr. Kresheck. The ALJ's failure to provide any narrative explanation for the mental health impairment limitations in Plaintiff's RFC coupled with her failure to address the opinion of Dr. Kresheck, creates uncertainty and casts doubt upon the ALJ's rationale for denying Plaintiff's claims. See Willcockson v. Astrue, 540 F.3d 878, 879 (8th Cir. 2008).

Accordingly, because the Court cannot determine from the ALJ's decision whether she properly reviewed the evidence of record, the matter must be remanded.

## IV.
## CONCLUSION

For the foregoing reasons, the Court finds the ALJ's decision was not based on substantial evidence in the record as a whole and should be reversed and remanded. On remand, the ALJ is directed to properly evaluate and weigh the medical opinion evidence; formulate a

new mental residual functional capacity for Plaintiff based on the medical evidence in the record; further develop the medical record if necessary; and then continue with the next steps of the sequential evaluation process.

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate Judgment will accompany this Order.

Dated this 22nd day of August, 2016.

  /s/ Noelle C. Collins  
NOELLE C. COLLINS  
UNITED STATES MAGISTRATE JUDGE
